UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MATTHEW WHITTINGTON,

    Plaintiff,

 -v-                                      No. 13 CV 8535-LTS-RLE

C.O. WOODS, C.O. MILLER, C.O. LEWIS,
C.O. FISHER, C.O. SCOTT, CAPT.
MATTHEWS, NYC DEPARTMENT OF
CORRECTIONS, C.O. PEREZ,

    Defendants.

-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

Plaintiff Matthew Whittington, pro se, is a pre-trial detainee who was, until recently, held at the Anna M. Cross Center ("AMKC") on Rikers Island. Whittington brings this suit under 42 U.S.C. § 1983, alleging that officers at AMKC physically assaulted him in violation of his federal constitutional rights. (See docket entry no. 56 (Third Amended Complaint).) Defendants now move for summary judgment on the basis of a prior settlement agreement entered into by Whittington and the City of New York in a New York state litigation captioned Whittington v. City of New York, No. 20796/13E (N.Y. Sup. Ct., Bronx Cnty.) (the "State Court Action"). The Court has carefully considered the submissions of both parties, and for the following reasons, Defendants' motion is granted.

## BACKGROUND

### The Alleged Assault

The following facts are accepted as true for the purposes of this motion practice.

On October 20, 2013, Whittington "was struck with a walkie-talkie radio[,] punched in my face and body as well [as] kicked while on the floor."  (Third Amended Complaint, p. 3.)  This assault resulted in "3 staples in the top of my head, swollen on my neck, and constant pain in my back."  (Id.)  Whittington was "given Motren [*sic*] for the pain."  (Id.)  He commenced this pro se action roughly one month later, on November 25, 2013.  (Docket entry no. 2 ("Complaint").)

The Settlement Agreement

On April 23, 2014, while this action was pending, Whittington entered into a settlement agreement with the City of New York to resolve the State Court Action.  (Docket entry no. 94, ex. 3 ("General Release").)  That agreement provided that Whittington released "all past and present officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York . . . from any and all claims, causes of action, suits, debts, sums of money, accounts, controversies, transactions, occurrences, agreements, promises, damages, judgments, executions, and demands whatsoever, known and unknown . . . through the date of this release."  (Id.)

Whittington was represented by counsel in the State Court Action.  (See docket entry no. 107 ("Response to Summary Judgment"), at 1.)  Whittington alleges that his lawyer "did not fully explain the contents of the General Release form" at the time he signed it, and that he was "heavily medicated" at the time.  (Id. at 1.)

DISCUSSION

Standard of Review

Summary judgment is appropriate where "the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In making this determination, the court must view all facts in the light most favorable to the non-moving party.  <u>Matthews v. City of New York</u>, 779 F.3d 167, 171-72 (2d Cir. 2015).  Once the moving party has documented particular facts, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  <u>FDIC v. Great Am. Ins. Co.</u>, 607 F.3d 288, 292 (2d Cir. 2010).  The court must be able to determine that, "after drawing all reasonable inferences in favor of a non-movant, no reasonable trier of fact could find in favor of that party."  <u>Heublein v. United States</u>, 996 F.2d 1455, 1461 (2d Cir. 1993)).  A fact is considered material "if it might affect the outcome of the suit under the governing law," and an issue of fact is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Holtz v. Rockefeller & Co. Inc.</u>, 258 F. 3d 62, 69 (2d Cir. 2001) (internal quotation marks and citations omitted).

<u>Enforceability of the Settlement Agreement</u>

A settlement agreement is a contract, and is therefore construed and enforced according to the substantive law of contracts.  <u>Red Ball Interior Demolition Corp. v. Palmadessa</u>, 173 F.3d 481, 484 (2d Cir. 1999).  Under New York law, the formation of a valid contract requires an offer, acceptance, consideration, mutual asset, and the intent of both parties to be bound.  See <u>Register.com v. Verio, Inc.</u>, 356 F.3d 393, 427 (2d Cir. 2004) (applying New York law).

Defendants raise the General Release as a complete defense to Whittington's claim here, arguing that its plain terms preclude Whittington from seeking damages in this case.

As a defense to the enforcement of the General Release, Whittington states in his Response that he was unable to understand what he was signing for two reasons: (1) it was not sufficiently explained to him by his counsel, and (2) he was heavily medicated due to his injuries and therefore incompetent. Both arguments are unavailing.

Whittington's claim that the General Release was not sufficiently explained to him by his prior counsel is not a valid basis to rescind or void that contract. Under New York law, a person who signs a contract is presumed to understand it, absent actual evidence of fraud or another defense to enforcement. Ford v. Fourth Lenox Terrace, No. 09 CV 2660, 2011 WL 2848654 at *5 (S.D.N.Y. July 18, 2011) (holding that, in the context of summary judgment, "'a general release stands absent duress, illegality, fraud, or mutual mistake'"). There is no such evidence here. Whittington offers arguments relating solely to the conduct of his own defense counsel, not any conduct on Defendants' part; his assertion therefore raises at most a claim of legal malpractice, not a basis for avoidance of the General Release.

New York courts have long held that a contract entered into by an incompetent person is voidable at the election of that person. See, e.g., Blinn v. Schwarz, 177 N.Y. 252, 261-62 (1904); see also U.S. v. Manny, 645 F.2d 163, 167 (2d Cir. 1981) (noting that "the rule was adopted to protect the incompetent and to give him the benefit of favorable contracts and to relieve him from burdensome contracts"). Whittington's argument, construed liberally given his pro se status, is that he was sufficiently heavily medicated when executing the General Release as to render him unable to understand the nature of the transaction. Whittington does not, however, offer non-conclusory evidence that suffices to establish this defense. A party may not create an issue of material fact on summary judgment based on assertions that lack factual support in the record. Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005). Here, the record

evidence establishes only that Whittington was given Motrin, an anti-inflammatory pain medication. There is no evidence that this medication was administered in such a way, or in sufficient dosages, to render Whittington incompetent to enter into a contract. Nor is there evidence beyond Whittington's conclusory assertions that he was "suicidal and uncomprehensive [*sic*]" and that he suffered "head trauma" to suggest that he was mentally impaired at the time he executed the release. Plaintiff has identified no evidence sufficient to raise a triable issue of fact that calls the validity of the General Release into question. Accordingly, Plaintiff is precluded from pursuing his claims in this action, which accrued prior to the date of the release, and Defendants are entitled to judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted. This memorandum opinion and order resolves docket entry no. 92. The Clerk of Court is respectfully requested to enter judgment for Defendants and close this case.

SO ORDERED.

Dated: New York, New York
       March 1, 2016

                                                                          /s/ Laura Taylor Swain
                                                                          LAURA TAYLOR SWAIN
                                                                          United States District Judge

Copy mailed to:

Matthew Whittington, pro se
No. 141-13-10431
GRVC
09-09 Hazen St.
E. Elmhurst, N.Y.  11370